IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID PAUL KRIKIE, ) | |
| #21016009, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:22-CV-492-K (BH) |
| ) | |
| STATE OF TEXAS, ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

David Paul Kirkie (Plaintiff) was an inmate in the Texas Department of Criminal Justice at the time his handwritten filing, entitled "Reasons", was received on March 1, 2022. (*See* doc. 3.) He claimed that his release date had been extended, that the extension was the result of retaliation for filing lawsuits against the State of Texas, and that he had been coerced into accepting a plea bargain, and it sought his release from custody. (*Id.*)

By *Notice of Deficiency and Order* dated March 4, 2021, Plaintiff was notified that if he was challenging a state conviction pursuant to which he was in custody, he must complete and return the form for actions filed under 28 U.S.C. § 2254 within thirty days. (*Id.*) He was also notified that he had neither paid the $5 filing fee for a habeas case nor submitted a motion to proceed *in forma pauperis* (IFP), and that he must either pay the fee or file an IFP motion with the required certificate of inmate trust account within thirty days. (*Id.*)

The *Notice of Deficiency and Order* also notified Plaintiff that any claims for retaliation were

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

non-habeas civil claims that arise under 42 U.S.C. § 1983, and that if he intended to raise any claims other than a challenge to a state conviction, including § 1983 claims, he must complete and return the enclosed form for civil rights actions under § 1983. (*Id.*) He advised that he must either pay the full $402 filing fee[2] for a non-habeas civil action or submit an IFP application with the required certificate of inmate trust account within thirty (30) days. (*Id.*)

Finally, the order notified Plaintiff that this case would only proceed as either a § 2254 habeas case or as a civil rights case under § 1983, not both, and that he must return only one set of forms. (*Id.*) If he returned both sets of forms, a second case would be opened, and he would also have to pay the filing fee for that case. (*Id.*) If he did not wish to pursue this lawsuit, he could dismiss it by filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a). (*Id.*) The *Notice of Deficiency and Order* specifically stated that a failure to comply with its terms could result in the dismissal of the case for failure to prosecute or to follow court orders. (*Id.*)

Well more than thirty days from the date of the order have passed, but Plaintiff has not filed a completed § 2254 form or a § 1983 form, paid the filing fee, filed an IFP motion, or filed anything else in this case. Mailings to him have now been returned as undeliverable. (*See* docs. 5, 6.)

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, pre-

---

[2] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

2

vent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, Plaintiff was given thirty days to file a completed § 2254 or § 1983 form and to either pay the applicable filing fee or file an IFP motion. The notice of deficiency and order specifically warned that failure to comply could result in the dismissal of his case, but he still has not complied or otherwise responded. Because he failed to follow court orders or otherwise prosecute his case, his case should be dismissed.

### III. RECOMMENDATION

This case should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for failure to prosecute or follow orders of the court, unless Plaintiff files a completed § 2254 or § 1983 form and either pays the applicable filing fee or files an IFP motion within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 17th day of August, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE